IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRISTANO KORLOU,<br>    Plaintiff<br><br>v<br><br>ASSOCIATED CREDIT SERVICES INC.,<br>    Defendant | Case No.:<br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

Tristano Korlou, ("Plaintiff") by his attorney, Angela K. Troccoli, Esquire, alleges the following against ASSOCIATED CREDIT SERVICES INC., ("Defendant"):

### I. INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

### III.  PARTIES

6.  Plaintiff is a natural person residing in Cromwell, Connecticut, 06416 at the time of the alleged harassment.

7.  Plaintiff is a person granted a cause of action under the FDCPA. <u>See</u> 15 U.S.C. §1692k(a), and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

8.  Defendant is a debt collection company with its corporate headquarters located at 105B South Street, PO Box 9100, Hopkinton, Massachusetts, 01748-9100.

9.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  PRELIMINARY STATEMENT

11.  The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. <u>See</u> 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## V.  FACTUAL ALLEGATIONS

15. Defendant and others it retained began on or around December 2009 and continued up until and including May 27, 2010, to constantly and continuously place harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

16. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

17. Defendant and its employees, harassed Plaintiff by calling him repeatedly on his cell phone and at his place of employment, despite Plaintiff notifying Defendant that he was not permitted to accept such calls at work.

18. Plaintiff would answer the telephone and immediately be hung-up on.

19. Defendant and its employees would contact Plaintiff two (2) to four (4) times a day.

20. Plaintiff received phone calls from Defendant on a number of occasions including but not limited to, various calls throughout the months of December 2009, January 2010, February 2010, March 2010, April 2010, and on May 4, 2010 at 11:30am; May 19, 2010 at 11:30am; twice on May 22, 2010; May 24, 2010 and May 27, 2010 from the following phone number (800) 962-9898. The undersigned has confirmed that the number belongs to Defendant.

21. During one discussion, Defendant's employee threatened to harm Plaintiff's credit report, garnish his wages and take legal action if payment was not received.  The employee told Plaintiff that he "would be sued and lose his home".

22. During the May 4, 2010 telephone call, Defendant's representative threatened to call Plaintiff's mother about the unpaid debt in an attempt to disgrace and embarrass him.

23.     On May 22, 2010, Defendant's employee spoke with Plaintiff's minor daughter and told her "that it was an emergency and she needed to get her father ASAP".

24.     During the May 24, 2010 telephone call, Defendant's representative spoke with Plaintiff's co-worker and friend about the unpaid debt.

25.     At no time did the Defendant provide Plaintiff any notice of his rights, as required under the FDCPA §1692g.

26.     Instead, Defendant responded by sending a letter dated May 18, 2010, containing a demand for payment in the amount of $1,429.19 allegedly owed to "TD Bank NA". <u>See</u> Plaintiff's Exhibit A.

27.     Defendant has contacted Plaintiff at times and places that were inconvenient to Plaintiff and made known to Defendant as such.

28.     Plaintiff at all times has disputed owing this debt.

29.     Defendant has reported this alleged debt to a credit bureau, not as "disputed" but as "unpaid" and it is listed as such.

30.     Defendant used false, misleading and deceptive means in connection with the collection of an alleged debt, when it made various telephone calls to him at his place of employment and on his cell, when they claimed it was an emergency when speaking with Plaintiff's minor daughter, when they threatened to call Plaintiff's mother in order to embarrass or disgrace him and when they spoke with a third party and discussed the alleged debt with Plaintiff's co-worker/friend.

31.     The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of privacy.

## VI.  CONSTRUCTION OF APPLICABLE LAW

32. The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.</u>, 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

33. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

34. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less

experienced." Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

35.  In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

a.  When it communicated with the Plaintiff at any unusual; time or place known or which should be known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. §1692c(a)(1);

b.  When it communicated with the Plaintiff at his place of employment and knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication, in violation of 15 U.S.C. §1692c(a)(3);

c.  When it communicated with someone other than the Plaintiff when they spoke with Plaintiff's friend/coworker and Plaintiff's minor daughter, in connection with the collection of the alleged debt, in violation of 15 U.S.C. §1692c(b);

d.  Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, by calling Plaintiff repetitively, in violation of 15 U.S.C.§1692d;

7

e.  When it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff, in violation of 15 U.S.C. §1692d(5);

f.  When it used false, misleading and deceptive means in connection with the collection of an alleged debt, in violation of 15 U.S.C. §1692e;

g.  When it falsely represented the character, amount or legal status of an alleged debt, in violation of 15 U.S.C. §1692e(2);

h.  When it represented or implied that nonpayment of any debt will result in the garnishment of Plaintiff's wages or seizure of Plaintiff's property, in violation of 15 U.S.C. §1692e(4);

i.  When it threatened to take any legal action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §1692e(5);

j.  When it made a false representation that the consumer committed any crime or other conduct in order to disgrace the consumer by threatening to call Plaintiff's mother, in violation of 15 U.S.C. §1692e(7);

k.  When it threatened to communicate Plaintiff's credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1692e(8);

l.  When it used false representation or deceptive means to collect a debt by telling Plaintiff's minor daughter that is was an emergency and to get her father ASAP, in violation of 15 U.S.C. §1692e(10);

m.  When it used false, misleading and deceptive means during the initial telephone call by failing to disclose that the debt collector is attempting to

collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. §1692e(11);

n. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

o. When it added fees, charges and expenses not expressly authorized by an agreement with Plaintiff, in violation of 15 U.S.C. §1692f(1);

p. When it failed to validate the debt within 5 days after communicating with Plaintiff by sending written notice containing the amount of debt, name of creditor, etc., in violation of 15 U.S.C. §1692g(a); and

q. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TRISTANO KORLOU, by and through his attorney, respectfully pray for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. §692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Tristano Korlou, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

TRISTANO KORLOU,
By his Attorney,

/s/ Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
60 Hartford Pike, PO Box 325
Dayville, CT 06241
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@lemonlaw.com

Dated: May 16, 2011